IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE<br><br>Plaintiff,<br><br>v.<br><br>THE OHIO STATE UNIVERSITY, et al.<br><br>Defendants | Case No.   **2:15-cv-02830-GLF-TPK**<br><br>Judge:<br><br>PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY AS JOHN DOE |

Plaintiff John Doe respectfully requests leave to proceed anonymously as "John Doe." The circumstances of this case are such that requiring the Plaintiff to proceed under his name would disclose information of the utmost personal intimacy, including education records protected from disclosure by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; 34 CFR Part 99.

**MEMORANDUM**

This Court has the discretion to allow a party to proceed anonymously under a pseudonym. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In exercising its discretion, this Court is required to balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure. *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x 423, 425 (6th Cir. 2001). The Plaintiff acknowledges that here is a strong public policy in favor of public access to judicial proceedings, however Plaintiff suggests that this case falls within the exception that parties are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this policy. *Citizens for a Strong Ohio v. Marsh*, No. 04-3112, 123 F. App'x 630, at *636 (6th Cir.

1

2005).  The Sixth Circuit has states that this Court should consider, among other factors, "whether prosecution of the suit will compel the [party] to disclose information of the utmost intimacy."  *Id. quoting Porter*, 370 F.3d at 560.

In this case, the disclosure of the Plaintiff's name would forever associate him with allegations of sexual misconduct.  As a result, the Plaintiffs would suffer public embarrassment and irreparable harm to his future career and reputation.  Maintaining the confidentiality of the Plaintiff in this litigation is consistent with federal policy as expressed by FERPA.  This case involves school disciplinary records.  The confidentiality of school disciplinary records has been well established.  *See United States v. Miami Univ.*, 294 F.3d 797, 812 (6th Cir. 2002) (noting that Congress "intend[ed] to include student disciplinary records within the meaning of 'education records' as defined by the FERPA").

The Defendant will not suffer any harm by permitting the Plaintiff to proceed as a John Doe, as the Defendant is already aware of the identity of the plaintiff and has previously acknowledged its obligation to maintain the confidentiality of educational records under FERPA.

Finally, a number of recent cases have raised similar claims against schools alleging that the school violated Title IX of the Education Amendments of 1972, 86 Stat. 373, 20 U.S.C. § 1681(a) (2012) ("Title IX") by applying disciplinary guidelines and regulations to the students in a discriminatory manner.  These cases have been brought by plaintiffs proceedings as "John Does."  *See e.g.* ***Doe v. Salisbury Univ.***, D. Md. No. JKB-15-517, 2015 U.S. Dist. LEXIS 110772 (D. Md. Aug. 21, 2015); *Doe v. Columbia Univ.*, S.D.N.Y. No. 14-CV-3573, 2015 U.S. Dist. LEXIS 52370 (Apr. 21, 2015); *Doe v. Regents of the Univ. of Calif. San Diego*, San Diego County Superior Court No. 37-2015-00019549 (July 10, 2015); *Doe v. Washington & Lee Univ.*, U.S.D.C., W.D. Va. No. 6:14-cv-00052, 2015 U.S. Dist. LEXIS 102426 (Aug. 5, 2015); *Doe v. Univ. of Mass. - Amherst*, D. Mass. No.

14-30143-MGM, 2015 U.S. Dist. LEXIS 91995 (July 14, 2015).  *See also Doe v. Univ. of the South*, 687 F. Supp. 2d 744 (E.D. Tenn. 2009).

## CONCLUSION

Plaintiff should be granted leave to proceed anonymously as "John Doe."

Respectfully submitted,

\_\_\_\_/s/ Joshua Adam Engel_____
Joshua Adam Engel (0075769)
ENGEL AND MARTIN, LLC
5181 Natorp Blvd., Suite 210
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com

3