IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN DOE,**

    **Plaintiff,**

    v.

**THE OHIO STATE UNIVERSITY, et al.,**

    **Defendants.**

Case No. 2:15-cv-2830
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of the following filings: a motion for expedited discovery (ECF No. 4) filed by Plaintiff, John Doe; a memorandum in opposition (ECF No. 13) filed by filed by Defendants, The Ohio State University, Javaune Adams-Gaston, and Matthew Page ("the OSU Defendants"); and a reply memorandum (ECF No. 16) filed by John Doe. For the reasons that follow, the Court **GRANTS** the motion for expedited discovery. (ECF No. 4.)

### I. Background

John Doe is a former medical school student at The Ohio State University who was enrolled in a joint M.D./M.B.A. program.[1] He was scheduled to graduate in Spring 2016, but in July 2015, John Doe came before the school's Conduct Board to answer an allegation that he had engaged in sexual conduct with a medical student, Jane Roe, without obtaining her consent.[2]

---

[1] The Court previously ordered that the parties should refer to Plaintiff as "John Doe." (ECF No. 17.)

[2] The Court previously entered an oral order that the parties should refer to the alleged victim as "Jane Roe."

Following the hearing, the school expelled John Doe. He appealed, and after the school upheld his expulsion, John Doe filed the instant action on September 15, 2015. In his complaint, John Doe asserts the following claims: declaratory judgment that the OSU Defendants violated his due process rights (Count I); violation of 42 U.S.C. § 1983 (Count II); declaratory judgment that the OSU Defendants violated Title IX, 2o U.S.C. § 1681 *et seq.*, and its implementing regulations, 34 C.F.R. Part 106 (Count III); violation of Title IX (Count IV); and injunctive relief (Count V).[3]

In conjunction with the filing of his complaint, John Doe also filed a combined motion for a temporary restraining order and a preliminary injunction. (ECF No. 2.) Accompanying this motion was a second motion that seeks an order compelling expedited discovery to enable John Doe to prepare for a preliminary injunction hearing. (ECF No. 4.) The parties have completed briefing on the motion for expedited discovery, which is ripe for disposition.

## II.     Discussion

In his motion, John Doe asks the Court to order expedited discovery of a transcript of the hearing before the school conduct board, a copy of the investigative file and the school's internal correspondence regarding the investigation and disciplinary proceedings, and redacted documents concerning any sexual misconduct investigations from 2010 until the present. Some of these requests are not in dispute.

---

[3] The Court expresses no opinion here as to whether John Doe has incorrectly plead redundant claims or a form of relief as a separate claim. *See Smith v. Bd. of Trustees Lakeland Cmty. Coll.*, 746 F. Supp. 2d 877, 899 (N.D. Ohio 2010) ("it is axiomatic that [plaintiff] cannot assert two separate counts alleging the exact same claims"); *Goryoka v. Quicken Loan, Inc.*, 519 F. App'x 926, 929 (6th Cir. 2013) (recognizing that a request for injunctive relief is a remedy and not a separate cause of action).

Pursuant to the oral instructions of this Court during the September 22, 2015 telephone conference, the OSU Defendants have already had the conduct board hearing transcribed and have filed a copy of that transcript under seal. The OSU Defendants do not expressly state that they then provided a copy of that transcript to John Doe's counsel, but their suggestion that the request for a transcript is now moot suggests that they have done so. If the OSU Defendants have not provided John Doe's counsel with the transcript, they must do so immediately.

Also apparently not in dispute is the production of the investigative file and internal correspondence regarding John Doe's disciplinary proceedings. The briefing indicates that counsel have conferred and that the OSU Defendants have agreed to produce the relevant records "to the extent those records are not subject to privilege or privacy laws." (ECF No. 13, at Page ID # 182.) If any portion of the records are not produced on an expedited basis for these or any other reasons, the parties should contact the Court immediately for a telephone status conference.

This leaves for discussion what is in dispute, specifically, the sexual misconduct investigation records from 2010 to the present. The OSU Defendants argue that the request for these records is too broad and that John Doe lacks good cause to obtain access to such records. The OSU Defendants also contend that production of such voluminous discovery outweighs any need John Doe has for seeking the discovery.

The OSU Defendants' arguments are largely without merit. Federal Rule of Civil Procedure 26(d) expressly recognizes the authority of a court to authorize discovery in advance of a Rule 26(f) conference. John Doe's Title IX claim alone presents good cause for such early discovery of at least the records of sexual misconduct proceedings from 2010 to the present, if not all of the discovery he seeks, and his due process claim presents good cause for early production of the discovery sought in regard to his own proceedings. Stated simply, if The Ohio

3

State University has a pattern and practice that treats males unfairly in sexual misconduct investigations, then the school has a significant problem in this litigation. Determining whether such a problem exists necessitates looking at the data and the context surrounding that data. Given such inarguable relevance, the Court finds it remarkable that the OSU Defendants would argue that good cause is lacking.

This is not to say that John Doe has not potentially overreached. Part of today's inquiry involves examination of any prejudice to or any burden on the OSU Defendants that the requested records would present. Unfortunately, the OSU Defendants have offered no actual evidence suggesting any prejudice or any real burden. They assert that "overbroad and burdensome expedited discovery" would mean that they would face an "immense task" in retrieving, preparing, and producing the records, but the OSU Defendants offer no details to support their conclusory contentions. (ECF No. 13, at Page ID # 184.) In the absence of any evidence supporting the prejudice-and-burden argument, this Court declines to take the OSU Defendants' word for it and place limitations on discovery that may or may not be needed. Accordingly, the Court imposes no restrictions here on John Doe's right to expedited discovery of all sexual misconduct investigation records from 2010 to the present. This Court does so fully cognizant that the parties have requested—perhaps anticipating today's decision—an October 19, 2015 telephone status conference, which this Court has set for 12:30 p.m. At that time, the Court will impose any necessary limitations on the records to be produced or the manner of production involved if the parties cannot come to a satisfactory agreement in this regard.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** the motion for expedited discovery. (ECF No. 4.)

**IT IS SO ORDERED.**

                                                /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE