```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

John Doe,                           :

      Plaintiff,              :

  v.                                :    Case No. 2:15-cv-2830

                                             :    JUDGE GREGORY L. FROST
The Ohio State University,             Magistrate Judge Kemp
et al.,                             :

      Defendants.             :

                                        <u>ORDER</u>

This case, which will come before the Court for a preliminary injunction hearing beginning on February 16, 2016, was explained in this way in an earlier order of the Court:

> John Doe is a former medical school student at The Ohio State University who was enrolled in a joint M.D./M.B.A. program. He was scheduled to graduate in Spring 2016, but in July 2015, John Doe came before the school's Conduct Board to answer an allegation that he had engaged in sexual conduct with a medical student, Jane Roe, without obtaining her consent.
>
> Following the hearing, the school expelled John Doe. He appealed, and after the school upheld his expulsion, John Doe filed the instant action on September 15, 2015. In his complaint, John Doe asserts the following claims: declaratory judgment that the OSU Defendants violated his due process rights (Count I); violation of 42 U.S.C. § 1983 (Count II); declaratory judgment that the OSU Defendants violated Title IX, 2o (sic) U.S.C. § 1681 et seq., and its implementing regulations, 34 C.F.R. Part 106 (Count III); violation of Title IX (Count IV); and injunctive relief (Count V).

<u>Doe v. The Ohio State University</u>, 2015 WL 6082606, *1 (S.D. Ohio Oct. 16, 2015)(Frost, J.). The complaint has since been amended and now alleges only the first two claims. <u>See</u> Doc. 44.

Pursuant to Judge Frost's order, the parties conducted expedited discovery. As a part of that discovery, Jane Roe's deposition was taken. Plaintiff has issued a subpoena commanding her to appear and testify at the preliminary injunction hearing. She responded with a motion to quash, which is now fully briefed. For the following reasons, that motion will be denied.

## I.  Background

There are only a handful of basic facts underlying the motion to quash, and they appear to be undisputed. Jane Roe is not a party to this case, but did testify at the student disciplinary hearing. According to Plaintiff's amended complaint, she was not truthful about when she received accommodations from Ohio State or the extent of them, but he was not allowed to pursue that issue, prejudicing his defense.

Jane Roe was deposed on January 14, 2016. Her deposition lasted several hours and has been transcribed and signed. She is apparently within the subpoena power of the Court for purposes of the preliminary injunction hearing, and has been properly served with a subpoena.

According to Jane Roe's attorney, the bulk of the questions asked at the deposition dealt with Ms. Roe's academic record. Her academic file had been produced to Plaintiff's counsel prior to the deposition.

Should she appear as a witness at the preliminary injunction hearing, Plaintiff does not intend to ask Jane Roe about the alleged sexual assault. Rather, he intends to question her about what she told the various defendants about her academic accommodations and what she told the hearing panel. Plaintiff contends that this testimony would show that the hearing panel did not have all the relevant facts to consider and that the defendants knew that. He also alleges in his responsive memorandum that discovery which occurred after the deposition has

revealed new information about which Jane Roe has not been questioned.  Jane Roe apparently does not dispute this allegation, but asserts that the same information can be obtained from the defendants without the need for her to testify about it.

Finally, it appears that defendants have agreed to waive any objection to the Court's consideration of Jane Roe's deposition testimony in connection with the motion for a preliminary injunction.

## II.  Analysis

There is a "time honored principle that under our system of justice every litigant is entitled to another person's relevant and non privileged testimony in a judicial proceeding." Owens v. QVC, 221 F.R.D. 430, 432 (E.D. Pa. 2004).  Although Jane Roe argues that because she is a non-party to this case, that "status weighs heavily in favor of quashing the [s]ubpoena," Reply Memorandum, Doc. 57, at 6, the authority cited for that proposition comes from the discovery context where special consideration is given to non-parties to avoid imposing undue burdens upon them when they are asked to participate in the discovery process.  Non-party witnesses are routinely subpoenaed to testify at trial, and the fact that they are not parties to the case is usually not viewed as a significant barrier to enforcing a validly-issued subpoena.

On the other hand, as Jane Roe correctly observes, a preliminary injunction hearing is not a trial.  This fact, plus the fact that Ohio State has agreed to waive any objection to the introduction of her testimony by way of deposition, substantially undercuts Plaintiff's argument that the only way he can present her evidence to the Court is through live testimony.  It has long been the case that affidavits, which are otherwise hearsay and not admissible at trial, can be considered in connection with a motion for a preliminary injunction.  See Wright & Miller,

Federal Practice and Procedure, 3d. Ed., at §2949 ("[a]ffidavits are appropriate on a preliminary-injunction motion ..."). The same holds true for other usually inadmissible forms of evidence. "Rule 65(a) permits the use of evidence that would not be admissible at a trial on the merits in determining a motion for a preliminary injunction." Factors Etc., Inc. v. Pro Arts, Inc., 496 F.Supp. 1090, 1104 (S.D.N.Y. 1980), rev'd on other grounds 652 F.2d 278 (2d Cir. 1981). And there is authority for quashing a subpoena to appear at a preliminary injunction hearing because the witness has already provided all relevant testimony at a deposition. See Maui Vacation Rental Ass'n v. County of Maui, 2007 WL 4372075 (D. Hawaii 2007). Consequently, the issue is not so much whether, if the Court grants the motion to quash, it will be deprived of Jane Roe's testimony altogether; the issue is whether the benefits to the truth-seeking process, which is in play just as much at a preliminary injunction hearing as it is at trial, outweigh any burden which Jane Roe will undergo if she is forced to testify live.

The Court deems the following considerations to be important to its decision. First, one of the major drawbacks of a deposition is that the Court cannot independently judge the credibility of the witness other than through consideration of the words spoken, which may or may not be helpful to that inquiry. Second, a deposition represents a witness' testimony as of a fixed point in time - the date of the deposition - and it does not permit additional questioning of the witness about later-acquired information (and there is some of that in this case). Third, the Court cannot ask questions of witnesses who appear only by deposition, and, especially at a hearing where the Court is the fact-finder, the ability to ask questions is often helpful, and sometimes crucial, to the outcome of the proceeding. Fourth, there is something about the formality of testifying in a

courtroom in front of a judge, and as part of a formal, public hearing (as opposed to giving a deposition in a lawyer's office), that reinforces the need for a witness to be open and forthright in his or her testimony.

Against these factors, the Court may - at least in a non-trial setting where deposition testimony can be considered even though the witness is available to testify - take into account the burden and expense occasioned by a subpoena (usually measured in terms of monetary expense or time away from work or family duties) and the effort involved in travel or in the physical requirements of testifying - for example, when a witness has a medical condition that makes the very act of being a witness a difficult one.  And, as noted, the Court may also consider whether the deposition represents the full testimony of the witness on the relevant subjects, so that his or her hearing testimony would be merely duplicative or irrelevant.  Because that does not appear to be the case here (the Court is not inclined, at this point, to conclude that testimony about the alleged cash payment can be obtained with equal ease, and with equal impact, from the defendants), and because Jane Roe has not made the typical arguments about undue financial burden or expense, none of these factors are particularly compelling.  That leaves only one argument - that it will be traumatic for Jane Roe to face her alleged assailant during the preliminary injunction hearing.

The Court does not mean, in any way, to suggest that this is not a legitimate factor or that Jane Roe either would not, or should not, have some trepidation about being questioned in a public forum in the presence of the person whom she claims to have assaulted her.  But, as the Court understands the record, she has done so once already, at the student hearing - where Plaintiff himself, and not his attorney, asked her questions -

-5-

and possibly twice, if Plaintiff attended her deposition.  She has not submitted any evidence to suggest that these encounters created or exacerbated any medical condition from which she might suffer.  Further, while this is not a criminal case, and the Confrontation Clause does not apply, victims of various types of assault testify in court every day in the presence of the alleged assailant.  They are undoubtedly uncomfortable in doing so, but the truth-seeking process generally demands their live testimony.  The courtroom setting does afford a measure of protection to witnesses in terms of rules of decorum, physical separation, and control of the proceedings by a neutral party, all of which operate to reduce or eliminate the risk that the proceeding will be more traumatic than necessary.  Additionally, this case is different from the typical criminal proceeding in that, as the Court understands it, Jane Roe will not be asked about the alleged assault, but will be questioned on collateral matters relating to the fairness of the hearing process.

    Exercising the equitable discretion of the Court is not a scientific process.  Perhaps the absence of Jane Roe's live testimony will not impact the Court's decision on the pending motion for a preliminary injunction, but there is no way to know that for sure.  Balancing all of the relevant factors, the Court concludes that because Jane Roe is an important witness, because her deposition testimony did not address at least one apparently important issue, because the Plaintiff (and the University) have significant interests to be furthered and protected by the correct resolution of the preliminary injunction motion, and because it is important that the process by which the motion is to be decided gives the Court the best opportunity to ascertain the truth, the motion to quash will be denied.

### III. Order

    For all of the reasons set forth above, the Court denies the

motion to quash (Doc. 51).

### IV. Motion to Reconsider

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge