**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOHN DOE,**

      **Plaintiff,**

      **v.**

**THE OHIO STATE UNIVERSITY, et al.,**

      **Defendants.**

      **Case No. 2:15-cv-2830
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp**

## OPINION AND ORDER

This matter is before the Court for consideration of the Magistrate Judge's February 22, 2016 Report and Recommendation (ECF No. 66) and Plaintiff's objections (ECF No. 70).  For the reasons that follow the Court **OVERRULES** Plaintiff's objections (ECF No. 70), **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 66), and **DENIES** the motion for a preliminary injunction (ECF No. 2).

### I.  Background

Given the Magistrate Judge's extensive treatment of the factual background in the Report and Recommendation, the events relevant to today's decision need only be presented in summary form here.  Plaintiff, John Doe, is a former medical school student at The Ohio State University who was enrolled in a joint M.D./M.B.A. program.[1]  He was scheduled to graduate in Spring 2016, but in July 2015, Plaintiff came before the school's Conduct Board to answer an allegation that he had engaged in sexual misconduct with a medical student, Jane Roe, based on a failure to

---

[1]  The Court previously ordered that the parties should refer to Plaintiff as "John Doe."  (ECF No. 17.)

obtain her consent.[2]  Following the conduct board hearing, the school expelled Plaintiff based on a finding that he had engaged in sexual misconduct.  After an unsuccessful appeal, Plaintiff filed the instant action.

In his complaint, Plaintiff asserts the following claims: declaratory judgment that his due process rights were violated (Count I); violation of 42 U.S.C. § 1983 (Count II); declaratory judgment that violations occurred of Title IX, 20 U.S.C. § 1681 *et seq.*, and its implementing regulations, 34 C.F.R. Part 106 (Count III); violation of Title IX (Count IV); and injunctive relief (Count V).  Previously, this Court denied Plaintiff's request for a temporary restraining order reinstating him as a student at The Ohio State University.  (ECF No. 20.)  Following scheduling issues, the parties then requested that the Court refer Plaintiff's request for a preliminary injunction to the Magistrate Judge, which this Court did.  (ECF Nos. 45, 46.)

The Magistrate Judge held a preliminary injunction hearing in February 2016.  Shortly thereafter, the Magistrate Judge filed his Report and Recommendation, recommending that this Court deny the motion for a preliminary injunction.  (ECF No. 66.)  Plaintiff objects to this recommendation.  (ECF No. 70.)  Briefing on the objections has closed, and the Report and Recommendation and objections are ripe for disposition.

## II. Discussion

### A. Standard Involved

When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed.

---

[2]  The Court previously entered an oral order that the parties should refer to the alleged victim as "Jane Roe."

2

R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

    **B. Analysis**

Plaintiff seeks a preliminary injunction that reinstates him as a student in good standing, which would enable him to pursue being "matched" with a medical residency.  In deciding whether to issue such an order, this Court must consider the following factors: (1) whether he has shown a strong or substantial likelihood of success on the merits; (2) whether he has demonstrated irreparable injury; (3) whether issuance of injunctive relief would cause substantial harm to others; and (4) whether the public interest is served by the issuance of an injunction.  *See Rock & Roll Hall of Fame v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998).  All four factors need not be met; rather, they are to be considered in balance.  *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985).  Although the four factors must be balanced, the first factor— likelihood of success on the merits—is traditionally of the greatest importance.  *See Roth v. Bank of the Commonwealth*, 583 F.2d 527, 537 (6th Cir. 1978).

In examining these factors, this Court remains cognizant that Plaintiff seeks issuance of a preliminary injunction based only on his due process claims.  As this Court has previously noted, the Sixth Circuit has explained that "[t]he Due Process Clause of the Fourteenth Amendment prohibits States from depriving 'any person of life, liberty, or property, without due process of law.' "  *Jaber v. Wayne State Univ. Bd. of Governors*, 487 F. App'x 995, 996 (6th Cir. 2012) (quoting U.S. Const. amend. XIV, § 1).  To establish a due process claim, Plaintiff must show that the OSU Defendants (1) deprived him (2) of a protected interest (3) without adequate process, which means notice and an opportunity to be heard. *See Goss v. Lopez*, 419 U.S. 565, 579; *Albrecht v. Treon*, 617 F.3d 890, 894 (6th Cir. 2010).

The court of appeals has further explained the general contours of an inquiry into a due process claim such as is presented here:

> In this Circuit we have held that the Due Process Clause is implicated by higher education disciplinary decisions. . . .  "Once it is determined that due process applies, the question remains what process is due." *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). . . .
>
> [T]here are two basic due process requirements: (1) notice, and (2) an opportunity to be heard. . . .

*Flaim v. Med. Coll. of Ohio*, 418 F.3d 629, 633-34 (6th Cir. 2005).  The "opportunity to be heard" prong means that a disciplinary "hearing, whether formal, informal, live or not, must be meaningful and must provide the accused with the opportunity to 'respond, explain, and defend.' " *Id.* at 635 (quoting *Gorman v. Univ. of R.I.*, 837 F.2d 7, 13 (1st Cir. 1988)).  What constitutes "meaningful" is partially dependent on context, as the court of appeals has recognized in stating that

> [a]n accused individual has the right to respond and defend, which will generally include the opportunity to make a statement and present evidence.  It may also include the right to call exculpatory witnesses.  Some circumstances may require the opportunity to cross-examine witnesses, though this right might exist only in the most serious of cases.

*Id.* at 636.  Cognizant of the foregoing analytic framework, the Court shall address Plaintiff's three objections in order, beginning with the critical factor of whether the Magistrate Judge erred in concluding that Plaintiff failed to demonstrate a likelihood of success on the merits.

### 1. *Likelihood of success on the merits*

In the Report and Recommendation, the Magistrate Judge concluded that Plaintiff failed to demonstrate that he is likely to succeed on the merits of his due process claim.  Plaintiff objects to this conclusion and argues that the Magistrate Judge erred in reaching this conclusion because the Magistrate Judge viewed and analyzed the disciplinary process in components, as

4

opposed to considering the process holistically.  In other words, Plaintiff asserts, the Magistrate Judge failed to look at the big picture to ascertain whether Plaintiff was afforded due process.

This Court disagrees.  The Court recognizes that the Magistrate Judge indeed discussed specific components of the investigative and hearing process by breaking the discussion into numbered sections addressing the particularized issues involved.  But this drafting approach does not necessarily lead to the type of fractured analysis or segmented thinking that Plaintiff assigns to the Magistrate Judge.  Instead of suggesting the inference that the Magistrate Judge looked only at the individual trees while forgetting that his task was to analyze the forest, the Report and Recommendation equally suggests that the Magistrate Judge simply made a drafting decision to present his points with clarity.

Moreover, regardless of whether the Magistrate Judge engaged in an impermissible checklist style of review, this Court has independently reviewed the Report and Recommendation and the hearing transcripts at length.  Plaintiff does not so much take issue with the Report and Recommendation's factual finding as he instead disagrees with the conclusions reached based on those findings.  Considering the factual findings in light of the relevant due process precedent, this Court again concludes—as it did in the earlier decision on the request for a temporary restraining order—that Plaintiff has failed to demonstrate a substantial likelihood of succeeding on the merits of his due process claims.  Viewing the evidence and the Magistrate Judge's analysis in the totality, there is not enough here to say that Plaintiff will likely prevail.  This Court reaches this conclusion for the same reasons as the Magistrate Judge did.[3]

---

[3]  The Court notes that it regards the cross-examination issue as turning on whether Plaintiff was denied the right to effective cross-examination and not as turning on the absence of any right to cross-examination.

5

Therefore, the Court overrules Plaintiff's first objection.  In so doing, this Court emphasizes that it has no idea whether Plaintiff is telling the truth.  The Court also has no idea whether Jane Roe is telling the truth.  In today's context, the answers to these issues are not relevant.  What is relevant at this juncture is whether Plaintiff has demonstrated a sufficient likelihood that he will be able to prove that the OSU Defendants denied him due process.  In attempting to meet his burden, Plaintiff has introduced evidence that has given this Court significant pause as to many of the practices that the university employs and the rules it has established to govern its investigative and disciplinary hearing process.  The Magistrate Judge noted many of these same weaknesses and concerns.  Arguably, it would make sense for the university to revisit its disciplinary process design and consider what it *should* do and not just what it is at a minimum *required* to do.  But the dispositive point here is that not even these concerns—taken together or viewed individually—suggest that Plaintiff can prevail on his due process claim.  In the absence of evidence of a constitutional violation, the Court can again only conclude that Plaintiff has failed to demonstrate a substantial likelihood of success on the merits to weigh in favor of his request for a preliminary injunction.

### 2. *Irreparable Injury & Public Interest*

Plaintiff also objects to two additional conclusions by the Magistrate Judge, specifically, that Plaintiff failed to demonstrate a likelihood of irreparable injury in the absence of an injunction and that the public and private interests favor neither party in the dispute over injunctive relief.  In light of this Court's discussion of the likelihood of success on the merits factor, the Court need not conclusively discuss the objections to these two additional factors.  A court is not required to make specific findings concerning each of the four factors used in determining a motion for injunctive relief if fewer factors are dispositive of the issue.  *Jones v.*

*City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003).  Given Plaintiff's failure on the most critical factor, the likelihood of success on the merits, this Court would decline to issue a preliminary injunction even if Plaintiff's irreparable harm and public interest objections were well taken. Moreover, even if the Court were to engage in an extended discussion of the merits of these additional objections, the end result would be the same given that the Court agrees with the reasoning and conclusions of the Magistrate Judge.  Common sense suggests possible irreparable injury more than the evidence that Plaintiff presented, and, on balance, the public and private interests are essentially at equipoise.

### III.    Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections (ECF No. 70), **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 66), and **DENIES** the motion for a preliminary injunction (ECF No. 2).

**IT IS SO ORDERED.**

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE